UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 18-157 |
| STEVEN DINET | SECTION: "H" |

ORDER AND REASONS

Before the Court is Defendant Steven Dinet's Motion for Compassionate Release (Docs. 82, 83). For the following reasons, the Motion is DENIED.

BACKGROUND

Defendant Steven Dinet has served 25 months of his 37-month sentence for conspiracy to distribute and to possess with the intent to distribute 28 grams or more of cocaine and 100 grams or more of heroin. He is currently housed at FCI Forest City Low and is scheduled to be released on February 21, 2021. Defendant moves this Court for compassionate release to home confinement in light of the COVID-19 virus outbreak at his facility. He argues that in light of his pre-existing health conditions, including diabetes, obesity, and hypertension, he is at high risk for complications if he contracts COVID-

1

19. The Government opposes the requested relief. This Motion was considered on an expedited basis.

## **LEGAL STANDARD**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[1] Although not specifically stated, this Court construes Defendant's motion as one under § 3582(c) for compassionate release. Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Sentencing Commission's policy statement regarding compassionate release sets forth what facts are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[2] The Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[3] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[4]

The policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[2] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).
[3] *Id.*
[4] *Id.*

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[5]

## **LAW AND ANALYSIS**

Although Defendant contends that he has exhausted the § 3582(c) requirements to bring a motion for compassionate release before this Court, he

---

[5] U.S.S.G. 1B1.13.

does not present any evidence that a request for release was made to the warden of his facility. The Government contends that no such request was made.

> [T]he FSA does not grant this Court the authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the FSA have been met. This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the FSA due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements of the FSA.[6]

Accordingly, Defendant's motion is not properly before this Court where he has not shown that he either "fully exhausted all administrative rights" or "the lapse of 30 days from the receipt" of a request for compassionate release by the warden of his facility.

Even considering Defendant's request on its merits, however, his motion fails. Defendant moves for compassionate release in response to the COVID-19 pandemic. To succeed on a motion for compassionate release, Defendant must show extraordinary and compelling reasons. Defendant contends that he suffers from Type 2 diabetes, high blood pressure, high cholesterol, and obesity. Indeed, the Centers for Disease Control has indicated that persons with obesity or Type 2 diabetes *are* at an increased risk for serious illness if COVID-19 is

---

[6] United States v. Jack Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020); *see also* United States v. John Clark, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Eberhart, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

contracted, and those with hypertension *might* be at an increased risk.[7] However, Defendant's medical records show that he tested positive for COVID-19 on April 30, 2020. He was placed in isolation for 35 days and released from isolation after he had been asymptomatic for 14 days.[8] Accordingly, Defendant has already contracted the virus about which he is concerned and, fortunately, successfully recovered despite his many preexisting conditions. Defendant does not present any argument or evidence that he is at risk of reinfection or that a second contraction may not end as favorably. Defendant has not therefore shown an extraordinary and compelling reason for release.

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 6th day of August, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[7] Centers for Disease Control, *People who are at an Increased Risk for Severe Illness*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited July 26, 2020).

[8] Doc. 85-1.